UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE IRIGOYEN, personally and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BROKERS CONDUIT, ELS INC., JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE, LLC, U.S. BANK NATIONAL ASSOCIATION, J.P. MORGAN ALTERNATIVE LOAN TRUST, 2007-A2, CALIFORNIA RECONVEYANCE COMPANY, AND NORTHWEST TRUSTEE SERVICES, INC.,<br><br>Defendants. | CASE NO. 1:11-CV-1228 AWI BAM<br><br>ORDER RE: ADDITIONAL FILING TO ESTABLISH STANDING |

This case involves the Defendants' foreclosure of real property owned by Plaintiff Bernadette Irigoyen. On October 11, 2011, Plaintiff filed a notice of Chapter 7 bankruptcy. Doc. 15. The automatic bankruptcy stay applies to actions "brought against the debtor." 11 U.S.C. §362(a). The automatic stay provisions do not apply to lawsuits brought by the debtor. See Snavely v. Miller, 397 F.3d 726, 729 (9th Cir. 2005). However, once a person files for bankruptcy, a bankruptcy estate is created and that estate includes causes of action that accrued prior to the filing of bankruptcy. See De Pomar v. Equifirst Corp., 2010 U.S. Dist. LEXIS

143216 (C.D. Cal. Feb. 2, 2010); Basilio v. TDR Servicing, 2009 U.S. Dist. LEXIS 120583 (E.D. Cal. Dec. 29, 2009).  The bankruptcy trustee becomes the real party in interest with respect to the bankruptcy estate assets.  In order to proceed, "plaintiff would have to show that (1) her claims fall under the bankruptcy exemption or (2) the bankruptcy trustee has abandoned those claims." Basilio v. TDR Servicing, 2009 U.S. Dist. LEXIS 120583, *15-16 (E.D. Cal. Dec. 29, 2009).

Plaintiff admits that she no longer has standing to prosecute this action but "reserves the right to consider continuing to prosecute this action if the bankruptcy trustee ratifies, joins, or substitutes itself in...or abandons the cause of action herein." Doc. 19, at 1:24-27.  The court now must consider dismissing the case for lack of standing to prosecute.

Accordingly, IT IS HEREBY ORDERED that by January 14, 2012, Plaintiff must either (1) file a notice with the court of the bankruptcy trustee's ratification, joinder, or substitution pursuant to Fed. Rule Civ. Proc. 17(a)(3) or (2) file an amended complaint that alleges, consistent with Fed. Rule Civ. Proc. 11 that the causes of action alleged are exempt from the bankruptcy estate or that the bankruptcy trustee has abandoned the causes of action alleged. Failure to make such a filing by January 14, 2012 will result in the dismissal of the entire action without further notice.

IT IS SO ORDERED.

Dated:   December 14, 2011

CHIEF UNITED STATES DISTRICT JUDGE